IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ray A. Grayson, #89931, | ) C/A No.: 1:11-317-TLW-SVH |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Warden, McCormick Correctional Institution, | ) |
| | ) |
| | ) |
| Respondent. | ) |

Petitioner Ray A. Grayson ("Petitioner" or "Grayson") filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Respondent's return and motion for summary judgment. [Entry #24, #23]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #25]. Petitioner filed a response in opposition to Respondent's motion [Entry #28]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.   Factual Background

According to the evidence at trial, Petitioner's brother, Leroy Grayson, was a frequent customer of the check-cashing business, the Money Store in Greer, South Carolina. On April 5, 2005, Leroy had a conversation at the store with its manager, Melanie Roberts, about a

payment arrangement. The manager testified that a few minutes after Leroy left the store, Petitioner entered, wearing a disguise and carrying a .357 handgun. She testified Petitioner forced her to remove approximately $2500 cash from the store safe and cash register and place the money in a red and green Christmas bag. She was instructed to close herself in the bathroom and count to a hundred before coming out, otherwise someone parked in front of the store would shoot her.

Meanwhile, an adjacent storeowner's son, Steven Ridenhour, was outside the rear of the Money Store smoking a cigarette with his brother when they overheard Petitioner's demands for money. Steven testified he saw Petitioner exit the rear of the Money Store and put a gun in his waist band. He followed Petitioner and saw him stop in the bushes to do something like change clothes. Greer police responded to the scene and searched the area where Steven reported seeing Petitioner run. Police officer Dan Hendrix testified seeing Petitioner at the corner of a house on a nearby street, sweating profusely, furiously pulling grass up and then laying it back down again. Hendrix testified seeing a gun with wooden handles protruding from Petitioner's waistband. Three officers came upon Petitioner after he walked around the rear of the house and hid under a crawl space under the back porch, behind a riding lawnmower. Police ordered Petitioner to show his hands, but he refused, and an officer fired a taser at him. Petitioner was brought out from under the crawl space and a loaded .357 Colt pistol was recovered from the area where Petitioner had been sitting against the back of house. Police searched the area where Petitioner had been pulling up grass and found underneath the grass, clothing similar to that worn by the armed robber and a

Christmas bag containing over $2,500. The manager of the Money Store identified the bag as the one into which she placed the money. [Entry #24-1 at 1–140 and #24-2 at 1–49].

II.     Procedural Background

In July 2005, Petitioner was indicted in Greenville County for possession of a pistol by a person convicted of a violent crime (2005-GS-23-5615) [Entry #24-2 at 113–114] and armed robbery (2005-GS-23-5616) [Entry #24-2 at 116–117]. On April 10, 2006, Petitioner had a jury trial before the Honorable G. Edward Welmaker, in which he was represented by Denise Morrow, Esquire. [Entry #24-1 at 5]. Petitioner was convicted of both charges, and Judge Welmaker sentenced him to concurrent terms of life without parole for armed robbery and five years for the pistol charge, to run concurrent. [Entry #24-2 at 51].

Petitioner filed a notice of appeal with the South Carolina Court of Appeals. He was was represented by Eleanor Duffy Cleary of the South Carolina Office of Appellate Defense who filed an *Anders*[1] brief on July 30, 2007. [Entry #24-3]. By letter dated October 22, 2007 to the Clerk of the Court of Appeals, Petitioner, through counsel, withdrew his appeal. [Entry #24-4]. By order filed November 27, 2007, the Court of Appeals dismissed the appeal and remitted the case. [Entry #24-5].

---

[1] *Anders v. California*, 386 U.S. 738 (1967). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

3

On January 10, 2008, Petitioner filed an application for Post-Conviction Relief ("PCR") with the South Carolina Court of Appeals. [Entry #24-2 at 53–68]. An evidentiary hearing was held on Petitioner's PCR before the Honorable Mark Hayes on May 12, 2009, at which Petitioner testified and was represented by Susannah C. Ross, Esquire. [Entry #24-2 at 74–101]. By order dated June 29, 2009, Judge Hayes denied the PCR. [Entry #24-2 at 104–111].

Petitioner's appeal of the denial of his PCR application was perfected on October 12, 2009 with a *Johnson*[2] Petition for Writ of Certiorari filed by Robert M. Pachak, Esquire of the South Carolina Commission on Indigent Defense Office, Division of Appellate Defense. [Entry #24-6]. Petitioner's counsel asserted that the petition was without merit and requested permission to withdraw from further representation. *Id.* at 6. On January 19, 2010, Petitioner filed a pro se brief, raising the following issues to the South Carolina Supreme Court:

1. Trial counsel made no attempt to suppress the in-court voice identification of Petitioner by the victim.
2. Steven Ridenhour's testimony as a witness should have been disqualified.
3. Officers conflicted about when they first saw Petitioner with a gun.
4. Officers conflicted about what happened when they arrested Petitioner.
5. Trial counsel failed to subject the State's case to a meaningful challenge.
6. The victim said she could not identify him, so how could she tell his race?
7. Show-up line-ups have been widely condemned.
8. Trial counsel should have objected, moved for a mistrial, etc. to Solicitor's statement to the jury that Petitioner is the person that did it. Prosecution misconduct to the jury.

---

[2] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders* to post-conviction appeals).

9. Trial counsel was ineffective when she failed to investigate the charges that were given to Petitioner at the time of his arrest because incident report says they all took place at 307 Landford Street.
10. Trial counsel failed to object to letting the prosecutor put the guns, paper bag, clothing with money in pockets into record as exhibits that was not admissible in court.
11. Exhibits were not marked correctly at trial.
12. Exhibits were admitted that Petitioner was acquitted in magistrate court of related charges and therefore this was double jeopardy.
13. Exhibits were admitted that Petitioner was acquitted of in magistrate of related charges and therefore they could not be used in General Sessions Court.
14. Double Jeopardy violation due to items which were used against him at trial.

[Entry #24-8].

On November 17, 2010, after careful consideration of the entire record as required by *Johnson*, the South Carolina Supreme Court denied the petition and granted counsel's request to be relieved. [Entry #24-9]. The remittitur was issued on December 3, 2010. [Entry #24-10]. This federal habeas petition followed.

III. Discussion

   A. Federal Habeas Issues

Petitioner raises the following issues in his federal petition for a writ of habeas corpus:

Ground One:   Ineffective assistance of trial counsel

   Supporting facts: (a) Trial counsel failed to move for a *Franks v. Delaware*[3] hearing. (b) She failed to litigate a Fourth Amendment claim, and failed to file a motion to suppress alleged evidence that was obtained in violation of my Fourth Amendment right. (c) Counsel failed to file a motion to quash the indictment for prosecutorial misconduct.

---

[3] *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)(where an affidavit for a search warrant is alleged to contain false statements, the court conducts an evidentiary hearing on the affidavit's integrity).

5

Ground Two: Fourth Amendment violation

> Supporting facts: Officer Crone used false statement that violated my Fourth Amendment right, where he used false statement in a warrant affidavit to obtain an arrest warrant from the magistrate Judge. Officer Crone lied about the money.

Ground Three: Fourteenth Amendment violation

> Supporting facts: The prosecutor obtained an indictment under perjury, which violated Fourteenth Amendment right of abused the grand jury proceeding. Prosecutor used false statement to obtain an indictment under perjury that was material to indict me.

[Entry #1-2 at 5–9].

### B. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party

is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

        C.      Habeas Corpus Standard of Review

              1.      Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court

proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

    2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

    a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

    (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody

>> pursuant to the judgment of a State court, shall not be granted unless it appears that—
>>
>> > (A)  the applicant has exhausted the remedies available in the courts of the State; or
>> >
>> > (B)  (i) there is an absence of available State corrective process; or
>> >
>> > > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State

law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq*.; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[4] Furthermore, strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

---

[4] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

b.  Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default,[5] is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

---

[5] If a petitioner procedurally bypasses his state-court remedies, he is procedurally barred from raising them in federal court.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (*quoting Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478 , 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews*, 105 F.3d at 915 (*citing Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

       3.     Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and

actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

    4.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1985). Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id.*

  D.  Analysis

    1.  Procedurally-Barred Grounds

As an initial matter, Respondent contends that the following grounds that Petitioner raises are procedurally-barred to the extent they were not raised in state court: (1) Ground One(c)'s allegation of ineffective assistance of trial counsel for having failed to file a motion

13

to quash the indictment for prosecutorial misconduct; (2) Ground Two's allegation of a Fourth Amendment violation for an alleged false statement in an affidavit that obtained an arrest warrant from the Magistrate Judge; and (3) Ground Three's allegation of a Fourteenth Amendment violation for the prosecutor having allegedly used a false statement to obtain an indictment. The undersigned agrees. Procedural default is an affirmative defense that is waived if not raised by Respondent. *Gray v. Netherland*, 518 U.S. 152,165–66 (1996). It is Petitioner's burden to raise cause and prejudice or actual innocence. If not raised by Petitioner, the court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).

Petitioner abandoned a challenge to each one of these grounds by not having pursued them in his direct appeal, not raising them in his PCR proceeding, and not including them in his appeal from the denial of his PCR application. Therefore, to the extent that these issues were not raised, they were not fairly presented to the South Carolina appellate courts and are procedurally-barred from federal habeas review. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

Additionally, Petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the

claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, these issues are procedurally barred from consideration by this court and should be dismissed. *Id.*; *see* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into federal court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (noting that to satisfy the prejudice prong of *Strickland*, a petitioner must demonstrate there is a reasonable probability that, but for counsel's errors, the result would have been different); *Wainwright*, 433 U.S. at 88–91; *Murray*.

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the State's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on his grounds. Petitioner had a trial in which he raised no objection, filed a direct appeal which he voluntarily withdrew, a PCR hearing, and an appeal from the PCR in which to raise these issues. However, he failed to raise them, raise them properly, or preserve these issues for habeas review. Petitioner cannot establish cause and prejudice because he has consistently abandoned opportunities to preserve these specific issues.

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In

15

order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

The evidence showed that Petitioner was identified by both the adjacent store owner's son and the Money Store's manager; that police found Petitioner in an area pulling grass underneath which revealed clothing similar to that worn by the armed robber and a bag containing over $2,500—approximately the same amount of money robbed from the Money Store and in a Christmas bag identified by the manager as the one she filled. Police saw Petitioner with a handgun similar to the one used in the robbery and found him hiding under a crawl space, refusing orders to show his hands.

In light of all of the foregoing, Petitioner cannot show actual innocence. Because Petitioner cannot establish actual innocence, the procedural bars apply to Grounds One (c), Two, and Three. Therefore, it is recommended that Respondent's motion for summary judgment be granted as to these grounds.

        2.      Merits Review of Ground One(a) and (b): Allegations concerning *Franks* Hearing and Suppression Motion

The only grounds that Petitioner arguably raised before the state courts are his ineffective assistance of trial counsel claim for having failed to move for a *Franks v. Delaware* hearing and for having failed to file a motion to suppress alleged evidence that was obtained in violation of the Fourth Amendment. These grounds are addressed on their merits below.

16

In Petitioner's pro se brief to the Supreme Court after his counsel filed a *Johnson* petition, he states "Trial counsel failed to object to letting the prosecutor put the gun, paper bag, clothing with money in pockets into records as exhibits that was not admissible in court." [Entry #24-8 at 2]. Petitioner appears to argue that his rights, including double jeopardy, were somehow violated because the foregoing evidence was admitted both at his General Sessions trial and in a Greer Municipal Court charge for receiving and possession of stolen goods. He alleges he was found not guilty of the Municipal Court charge. *Id.* at 3.

The undersigned finds Petitioner's argument to be without merit. The state appellate court did not unreasonably apply the precedent of the United States Supreme Court in denying relief. The PCR Court decided the issues regarding counsel's alleged failure to file a *Franks* motion and failure to litigate an alleged Fourth Amendment claim. The PCR Court found there was no merit to Petitioner's claims of ineffective assistance of counsel.

A *Franks* motion or hearing would not have resulted in the suppression of any of the relevant evidence, because none of the evidence was obtained as a result of an arrest warrant or search warrant. Petitioner was arrested immediately after the armed robbery occurred, and after police saw he was armed with gun. After attempting to flee the police, he hid under a rear porch of a house he did not own, was found by the police, who tased him after he refused to obey their orders. In his flight, he abandoned both the gun, found to be loaded, the money bag, and clothes worn during the armed robbery, with the money bag having been found in the front yard of a house he did not own, and the gun found on the ground near him

after his arrest.

Petitioner cannot show counsel was deficient in failing to move for a *Franks* hearing or that had counsel moved for such a hearing, the result of the proceeding would have been different. Therefore, this ground must be dismissed with prejudice.

Similarly, Petitioner cannot show counsel was ineffective in failing to litigate a Fourth Amendment claim or filing a motion to suppress this evidence. Because Petitioner abandoned the gun, the clothes, and the money bag, he cannot show this evidence was seized in violation of his Fourth Amendment rights. Petitioner cannot show deficient performance or resulting prejudice from the failure of counsel to move to suppress the evidence used against him at trial.

The undersigned is of the opinion that the PCR court reasonably applied *Strickland* in making its finding that trial counsel was not ineffective. Trial counsel did not object to the admission of the gun, paper bag, clothing with money in pockets into records as exhibits. Even if trial counsel had objected to this evidence, it does not necessarily follow that the trial judge would have suppressed the evidence or that appellate courts would have found admission of the evidence constituted reversible error. This evidence was relevant. Relevant evidence may be excluded if its probative value is substantially outweighed by danger of unfair prejudice. Rule 403, SCRE. Determinations regarding whether relevant evidence should be withheld pursuant to Rule 403 are left to the trial court's discretion. *See State v. Torres*, 703 S.E.2d 226, 228 (S.C. 2010). Petitioner cannot show a Sixth Amendment violation pursuant to *Strickland*. Respondent's motion for summary judgment as to this

18

ground should be granted.

IV.     Conclusion

For the foregoing reasons, the court recommends that Respondent's motion for summary judgment [Entry #23] be granted.

IT IS SO RECOMMENDED.

December 6, 2011                                              Shiva V. Hodges
Florence, South Carolina                                 United States Magistrate Judge


**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**